RECEIVED
IN MONROE, LA
OCT 29 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| FRIENDLY FINANCE SERVICE-EASTGATE, INC. | CIVIL ACTION NOS. 08-0852 & 08-0853 |
| VERSUS | JUDGE ROBERT G. JAMES |
| GREGORY N. DORSEY, ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Friendly Finance Service-Eastgate, Inc.'s ("Friendly Finance") appeal of United States Bankruptcy Judge Henley A. Hunter's order denying its motion to disqualify under 28 U.S.C. § 455. [Case No. 08-0853, Doc. No. 1]. Friendly Finance also appeals Judge Hunter's orders denying reconsideration of its objection to discharge under 11 U.S.C. § 727 and a prior injunction. [Case No. 08-0852, Doc. No. 1].

For the following reasons, Friendly Finance's appeal of the denial of the motion to disqualify is GRANTED IN PART, Judge Hunter's order is VACATED, and this case is REMANDED for reconsideration of Friendly Finance's motion to disqualify in a manner consistent with this opinion. At this time, in the interest of judicial economy, the Court declines to consider Friendly Finance's appeal of Judge Hunter's orders denying reconsideration of Friendly Finance's objection to discharge under 11 U.S.C. § 727 and a prior injunction.

## I. FACTS AND PROCEDURAL HISTORY

In May 2003, debtors Gregory and Gwendolyn Dorsey (collectively referred to as the "Dorseys") borrowed $3,000 from Friendly Finance.

On June 18, 2004, the Dorseys filed a Chapter 13 bankruptcy petition, which was later

converted to a Chapter 7 proceeding.

On May 18, 2006, Friendly Finance filed an adversary complaint, objecting to discharge of the debt under 11 U.S.C. §§ 523 and 727.

In a December 7, 2006 ruling from the bench, Judge Hunter rejected Friendly Finance's objections to discharge. In addition, Judge Hunter enjoined Friendly Finance from filing any complaints objecting to discharge or dischargeability in the Monroe and Alexandria Divisions of the Western District of Louisiana without prior leave of court.

On February 22, 2007, this Court affirmed Judge Hunter's decision. *See Friendly Finance Service-Eastgate, Inc. v. Dorsey*, 07-0001, 2007 WL 628176 (W.D. La. Feb. 22, 2007).

On October 23, 2007, the United States Court of Appeals for the Fifth Circuit affirmed in part, vacated in part, and remanded for further proceedings. *See In the Matter of: Dorsey*, 505 F.3d 395 (5th Cir. 2007). The Fifth Circuit affirmed the dismissal of Friendly Finance's § 523 objection, but reversed the dismissal of the § 727 objection and remanded it for further consideration. *Id.* at 399–400. The Fifth Circuit also vacated the injunction and remanded to the bankruptcy court "for reconsideration of the propriety of [the] injunction in light of this opinion." *Id.* at 400–01.

On February 26, 2008, on remand to the bankruptcy court, Friendly Finance filed a motion to disqualify Judge Hunter for lack of impartiality and personal bias against Friendly Finance, its sister corporations, its parent corporation, and its president, John G. Loftin ("Loftin").

On March 5, 2008, Judge Hunter orally ruled on the motion to disqualify and Friendly Finance's § 727 objection, denying both. Judge Hunter also affirmed the prior injunction.

## II. LAW AND ANALYSIS

Friendly Finance claims that Judge Hunter abused his discretion by denying the motion to

disqualify.

Section 455(a) provides that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "When considering a claim under § 455(a)," courts must consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quoting *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)). Section 455(b)(1) provides that a judge "shall also disqualify himself . . . where he has a personal bias or prejudice concerning a party. . . ." *Id.* § 455(b)(1). "These provisions afford separate, though overlapping, grounds for recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003). A court's decision on a motion to disqualify is reviewed for abuse of discretion. *In re Chevron*, 121 F.3d at 165.

According to Friendly Finance, Judge Hunter should have recused himself because his impartiality could reasonably be questioned and because he has a personal bias or prejudice against Friendly Finance. In its motion to disqualify, Friendly Finance raised several bases that it contended warranted recusal. Friendly Finance claimed that Judge Hunter's bias was "so well known" that Loftin and Friendly Finance had encountered great difficulty in obtaining counsel. Friendly Finance further alleged that Judge Hunter called current counsel for Friendly Finance, James Roundtree ("Roundtree"), "a whore for John Loftin and [Friendly Finance]" and asked counsel why he would "be a whore for John Loftin and Friendly Finance" at a pretrial conference. [Doc. No. 4-2, p. 2].

In a ruling from the bench, Judge Hunter first clarified that he did not use the word "whore" to describe Roundtree during an in-chambers discussion with him concerning his representation of Friendly Finance. [Doc. No. 4-3, p. 12:8–9]. Rather, he recalled quoting "Mr. Chet Harrod, a

3

respect[ed] member of the bankruptcy bar of the Monroe division, directed to Mr. McMillin[, Friendly Finance's former counsel,] as to why he, Mr. McMillin, should prostitute himself to Mr. Loftin and his clients." [Doc. No. 4-3, p. 12:5–9]. Judge Hunter then ruled that this basis for recusal was not timely raised. Judge Hunter also reviewed Friendly Finance's past proceedings before him and a prior judge. [Doc. No. 4-3, p. 13–26]. According to Judge Hunter, Friendly Finance had won and lost over the years, and when Friendly Finance had lost, the bankruptcy court's ruling was usually affirmed on appeal. He then denied the motion to disqualify.

Despite offering his own account of the comment made about counsel's "prostitution," Judge Hunter twice declined to allow Friendly Finance to proffer any evidence at all or to call witnesses in support of its motion to disqualify. The factual bases of Friendly Finance's motion were in dispute. Failing to give Friendly Finance an opportunity to support its motion was error. The Court finds that it would be unjust to let the error stand and proceed to affirm or reverse Judge Hunter's ruling without a fully developed record.

Accordingly, Judge Hunter's order is VACATED, and this case is REMANDED for reconsideration of Friendly Finance's motion to disqualify. Judge Hunter shall allow Friendly Finance to proffer evidence in support of its motion to disqualify.[1]

As a final matter, the Court notes that it is within Judge Hunter's discretion to refer the motion to disqualify in order to dispel any doubts about his impartiality or bias. *See* 13A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3550 (2d ed. 1984) (stating that when "a motion is made under § 455, the judge may at his option

---

[1] The Court notes that if Judge Hunter recuses himself on remand, the orders entered on the § 727 objection and injunction should be vacated, and the case should be referred to another judge to consider the § 727 objection and to take any other appropriate action.

transfer the matter to another judge for decision").

### III.   CONCLUSION

For the foregoing reasons, Friendly Finance Service-Eastgate, Inc.'s appeal [Case No. 08-0853, Doc. No. 1] of the denial of the motion to disqualify is GRANTED IN PART, United States Bankruptcy Judge Henley A. Hunter's order is VACATED, and this case is REMANDED for reconsideration of Friendly Finance's motion to disqualify in a manner consistent with this opinion. At this time, in the interest of judicial economy, the Court declines to consider the appeal [Case No. 08-0852, Doc. No. 1] of Judge Hunter's orders denying reconsideration of Friendly Finance's objection to discharge under 11 U.S.C. § 727.

MONROE, LOUISIANA, this 29th day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE